FILED
NOV 06 2009
CLERK

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CHELSEA LINTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANGIE'S INC., D/B/A THE BELLE ) <br> STARR SALOON AND CASINO, ) <br> INC., and JASON ORELUP, ) <br> ) <br> Defendants. | File No. 09-5099 <br><br> **COMPLAINT** <br><br> **(TRIAL BY JURY REQUESTED)** |

Plaintiff, for her causes of action, states and alleges as follows:

**JURISDICTION AND VENUE**

1. This case is a companion case to <u>Misty N. Heil v. Belle Starr Saloon & Casino, Inc. and Angie's, Inc.</u>, Case 5:09-cv-05074-JLV filed September 15, 2009.

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1337 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f). Plaintiff also invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and (b). This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); the South Dakota Human Relations Act of 1972, as amended, SDCL Ch. 20-13, various other tort claims recognized under South Dakota, federal, and common law.

3. The unlawful employment practices alleged in this Complaint were committed in Pennington County in the Western District of South Dakota.

4. Plaintiff timely filed a charge of discrimination against Defendants with the State of South Dakota Department of Labor, Division of Human Rights. Plaintiff filed her charge of discrimination on January 13, 2009, and such charge of discrimination was simultaneously filed

335517/09386.0002

with the Minneapolis Area Office of the Equal Employment Opportunity Commission ("EEOC") on or about the same date.

5. On or about August 10, 2009,, Plaintiff received from the EEOC a "Notice of Right To Sue" entitling Plaintiff to commence this action within 90 days of her receipt of that notice. (See Exhibit A attached).

6. On May 28, 2009, the Division of Human Rights closed Plaintiff's file, allowing Plaintiff to pursue her state law claims in a civil action. (See Exhibit B attached).

7. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## PARTIES

8. Plaintiff Chelsea Linton is a female citizen of the United States of America and a resident of Pennington County, South Dakota, at all times relevant to this matter.

9. Plaintiff was employed by Defendant, Belle Starr Saloon & Casino, Inc. from June of 2008 to August 11, 2008, and reported to and worked under the supervision of Jason Orelup (hereinafter "Orelup").

10. On information and belief, Angie's, Inc. is a corporation organized and existing under the laws of South Dakota and having its principal place of business located at 288 Box Elder Road, city of Box Elder, county of Pennington, state of South Dakota, and at the times mentioned, employed Plaintiff.

11. Upon information and belief, Defendant Angie's, Inc. is a corporation existing under the laws of the state of South Dakota with its principal place of business in South Dakota at all times pertinent hereto.

12. Defendants Belle Starr Saloon & Casino, Inc. and Angie's, Inc. are "employers" within the meaning of § 701(b) of Title VII in that they engage in an industry affecting commerce and have employed more than the requisite number of persons for the requisite duration under Title VII.

13. Defendants Belle Starr Saloon & Casino, Inc. and Angie's, Inc. are employers within the meaning of SDCL § 20-13-1 (1) and with regard to Plaintiff's other state law claims.

14. At all times pertinent hereto, Orelup was a manager at Angie's Inc., d/b/a The Belle Starr Saloon and Casino, Inc.

## SECTION III - PROCEDURAL REQUIREMENT

15. On or about December 18, 2008 Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C.A. §2000e-5(b), (e). Such charge was filed within 180 days of the unlawful employment practice. On or about August 10, 2009, less than 90 days prior to the filing of this Complaint, the Equal Employment Opportunity Commission issued to Plaintiff a Right to Sue with respect to such Charge of Discrimination.

16. The incidents described in Part IV below were part of a continuing series of incidents of harassment which began on or about June, 2008 and which constituted a continuing violation of Plaintiff's Title VII rights.

## SECTION IV – CAUSES OF ACTION

## TITLE VII – SEXUAL HARASSMENT (AGAINST DEFENDANT ANGIE'S INC DBA THE BELLE STAR SALOON AND CASINO, INC. ONLY)

### A. Hostile Work Environment

17. Plaintiff restates and realleges the foregoing allegations of paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff was employed by Defendants from June of 2008 through August 11, 2008 as a bartender.

19. Plaintiff is a member of a protected class (female).

20. At many times during Plaintiff's employment, she was subjected to pervasive and unwelcome verbal sexual harassment, both directed at Plaintiff and overheard in the workplace.

21. Plaintiff also was subjected to pervasive and unwelcome physical sexual harassment and assault/battery by her manager Orelup.

22. Plaintiff was required to work in an atmosphere hostile to females by virtue of unsolicited and unwelcome verbal and physical conduct including assault/battery, all of a sexual nature.

23. The sexual harassment describe above was based on sex.

24. This sexual harassment affected a term, condition or privilege of Plaintiff's employment and created a working environment intimidating, insulting, hostile and abusive to female employees.

25. Defendants also discriminated against Plaintiff on the basis of her gender by engaging in, tolerating and failing to prevent the sexual harassment alleged above, and by failing

to take affirmative action to correct and redress the aforementioned unlawful employment practices even though Defendants had notice of such practices.

### B. Quid Pro Quo

26. Plaintiff restates and realleges the foregoing allegations of paragraphs 1 through 25 as though fully set forth herein.

27. Orelup's sexual advances were an express or implied condition for receiving job benefits.

28. Plaintiff suffered a tangible employment action following Plaintiff's refusal to submit to her supervisor's patent sexual advances.

29. Defendants also discriminated against Plaintiff on the basis of her gender by engaging in, tolerating and failing to prevent the sexual harassment alleged above, and by failing to take affirmative action to correct and redress the aforementioned unlawful employment practices even though Defendants had notice of such practices.

### C. Retaliation

30. Plaintiff restates and realleges the foregoing allegations of paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff objected to and complained to Orelup and other employees of the quid pro quo behavior, hostile work environment, and the harassment and assault she witnessed perpetrated against herself and other female employees.

32. As a result of Plaintiff's objections to this sexual harassment, and in retaliation for Plaintiff's refusal to submit to Orelup's advances and complaints to other employees regarding such pervasive verbal and physical sexual conduct and assault, Plaintiff was fired.

33. Defendants also discriminated against Plaintiff on the basis of her gender by engaging in, tolerating and failing to prevent retaliation alleged above, and by failing to take affirmative action to correct and redress the aforementioned unlawful employment practices even though Defendants had notice of such practices.

34. Plaintiff sustained emotional suffering and lost wages attributable to the retaliatory discharge and wrongful termination.

35. Defendants are vicariously liable for the actions of Orelup which were committed within the course and scope of employment.

### D. General Allegations under Title VII

36. Plaintiff restates and realleges the foregoing allegations of paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff, upon information and belief, alleges that the effect of the Defendants' unlawful employment practices has been to limit, classify and discriminate against females in ways jeopardizing and depriving them of employment opportunities and otherwise adversely affecting their status as employees because of their gender in violation of Title VII.

38. Plaintiff was unlawfully denied monetary and non-monetary benefits and suffered other damages in sums to be proved at trial.

39. Plaintiff is entitled to recover from the Defendants reasonable attorneys' fees and expenses as provided in § 706(k) of Title VII.

40. Defendants' actions were done with malice or reckless indifference to Plaintiff's federally-protected rights.

41. Based on Defendants' actions, Plaintiff is entitled to compensatory and punitive damages, together with interest and attorneys' fees and costs.

### SDCL § Ch. 20-13 – SEXUAL HARASSMENT AGAINST ALL DEFENDANTS

42. Plaintiff restates and realleges the foregoing allegations of paragraph 1 through 41 as though fully set forth herein.

43. All Defendants qualify as "any person" under SDCL §§ 20-13-10 and 20-13-1(11).

44. Defendants' violated Plaintiff's rights protected by SDCL § 20-13-10.

45. Defendants' violated SDCL § 20-13-10 causing damages in an amount to be proved at trial.

### NEGLIGENCE AGAINST ALL DEFENDANTS

46. Plaintiff restates and realleges the foregoing allegations of paragraphs 1 through 45 as though fully set forth herein.

47. Defendants owed a duty to maintain a reasonably safe workplace for its employees and Plaintiff in particular.

48. Defendants owed a duty to properly hire and retain its employees according to a system of standards as they relate to employee relations including, but not limited to, sexual harassment, offensive behavior, and prohibited acts of conduct.

49. Defendants owed a duty to properly train its employees and to enforce system standards as they relate to employee relations, including, but not limited to, sexual harassment, offensive behavior, and prohibited acts of conduct.

50. Defendants owed a duty to properly supervise its employees and enforce system standards as they relate to employee relations, including, but not limited to, sexual harassment, offensive behavior, and prohibited acts of conduct.

51. Defendants owed a duty to properly discipline/terminate its employees according to a system of standards as they relate to employee relations, including, but not limited to, sexual harassment, offensive behavior, and prohibited acts of conduct.

52. Defendants breached their duty to provide Plaintiff with a reasonably safe workplace, negligently failed to hire, retain, supervise, train, discipline/terminate its employees, failed to enforce system standards, and failed to have in place and/or enforce reasonable effective policies and procedures to prevent the offensive actions of its employees.

53. As a result, Plaintiff suffered a violation of her basic human dignity, emotional distress, lost monetary and non-monetary benefits, and suffered other damages.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

54. Plaintiff restates and realleges the foregoing allegations of paragraphs 1 through 53 as though fully set forth herein.

55. Defendants by and through their agents and employees for which their employer(s) are vicariously liable, engaged in extreme and outrageous conduct, that is, actions, inactions, and conduct exceeding all bounds of decency usually tolerated by a civilized society.

56. Said actions, inaction, and conduct arose from their abuse of position, and/or relationship to the Plaintiff, which gave Defendants and/or their agents actual and/or apparent authority over the Plaintiff, as well as the power to affect the Plaintiff's interests.

57. Defendants' actions, inactions, and conduct were effectuated with the intent to inflict severe emotional distress.

58. The Defendants' actions and inactions recklessly caused the Plaintiff severe emotional distress in that the conduct demonstrated a deliberate disregard and a high degree of probability that emotional distress would result from their actions, inactions, and conduct.

59. The Defendants' actions, inactions, and conduct in fact caused Plaintiff to suffer severe emotional distress.

60. The Plaintiff suffered an extreme disabling emotional response to the Defendants' conduct and said response was substantial and enduring to such a degree and duration that no person in a decent society should be expected to endure and experience it.

61. The Defendants' actions, inactions, and conduct were extreme, outrageous, willful, and deliberate, entitling Plaintiff to recover punitive damages.

## ASSAULT AND BATTERY AS TO ALL DEFENDANTS

62. Plaintiff restates and realleges the foregoing allegations of paragraphs 1 through 61 as though fully set forth herein.

63. Orelup, for which his employer(s) are vicariously liable, assaulted Plaintiff in that he intended to cause a harmful or offensive physical contact with the Plaintiff, or an imminent apprehension of such contact.

64. Orelup's conduct caused the Plaintiff to fear such contact would immediately occur.

65. Plaintiff did not consent to the intended contact.

66. Defendant Orelup, for which his employer(s) are vicariously liable, committed battery as they intended to cause a harmful or offensive physical contact with the Plaintiff, or an imminent apprehension of such contact.

67. Such contact actually occurred.

68. Plaintiff did not consent to the contact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Declare that the employment practices complained of in this Complaint are unlawful violations of Title VII; the South Dakota Human Relations Act of 1972, and the common law;

2. Order that Defendants pay Plaintiff compensatory and punitive damages including, but not limited to, front pay, back pay, including overtime pay, pension benefits, other employment benefits which would have accrued if Plaintiff's employment had not been terminated;

3. Award Plaintiff compensatory damages for physical and mental anguish, permanent disability and impairment of earning capacity, and the medical expenses incurred, both in the past and in the future, for her physical and emotional suffering;

4. Order the Defendants to pay Plaintiff's costs, expenses and reasonable attorneys' fees as provided in Title VII in connection with this action; and

5. Grant such other and further relief to Plaintiff as necessary.

Dated this ___ day of November, 2009.

GUNDERSON, PALMER, NELSON
& ASHMORE, LLP

BY: _____
Rebecca L. Mann
Sara Frankenstein
Attorneys for Plaintiff
440 Mt. Rushmore Road
Post Office Box 8045
Rapid City, South Dakota 57709-8045
(605) 342-1078

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SUBMISSIBLE TO A JURY**