UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| CHELSEA LINTON, | ) | Civ. No. 09-5099 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| ANGIE'S INC., | ) | **MOTION TO CONSOLIDATE** |
| BELLE STARR SALOON & | ) | |
| CASINO, INC., and JASON | ) | |
| ORELUP, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, Chelsea Linton, by and through Sara Frankenstein of Gunderson, Palmer, Nelson and Ashmore, LLP, her attorneys, and respectfully submits this Memorandum in Support of Motion to Consolidate. Linton requests this action be consolidated with the following action: <u>Misty Heil v. Belle Starr Saloon & Casino, Inc., Angie's Inc. and Sherwood Investment and Trust Company</u>; United States District Court, District of South Dakota, Western Division, Case No. 09-5074, as there are common questions of law and fact pending in each case. Misty Heil does not oppose consolidation and agrees consolidation is appropriate.

## BACKGROUND

**A. Linton Action**

Chelsea Linton commenced the present action on November 6, 2009 alleging violations of Title VII and SDCL § Ch 20-13 for sexual harassment including hostile work environment, quid pro quo, retaliation and general allegations under Title VII. (Docket No. 1.) Linton has also alleged state law claims of negligence, intentional infliction of emotional distress and assault

and battery.  Id.  The defendants in the Linton action are Angie's Inc., Belle Starr Saloon and Casino, Inc. and Jason Orelup.  Linton's Complaint and Amended Complaint both indicate that "This case is a companion case to Misty N. Heil v. Belle Starr Saloon & Casino, Inc. and Angie's Inc., Case 5:09-cv-05074-JLV".  (Docket Nos. 1 and 18.)  Pending before this court is Linton's Motion to Join and Amend Complaint to add two additional defendants, Thomas W. Sherwood, Sr. d/b/a Sherwood Investments and Trust Company and Sherwood Family Limited Partnership.  (Docket No. 48.)

### B. Heil Action

Misty Heil commenced her action on September 15, 2009 naming Belle Starr Saloon and Casino, Inc. and Angie's, Inc. as defendants.  (Heil Docket No. 1.)  Heil has also alleged violations of Title VII and SDCL § 20-13 for sexual harassment including tangible employment sexual harassment, hostile work environment and retaliatory discharge and wrongful termination. Id.  Heil has further alleged state law claims of assault and battery, intentional infliction of emotional distress and punitive damages.  Id.

Heil has since joined as an additional defendant Sherwood Investment & Trust Co. which sued Jason Orelup as a third-party defendant.  (Heil Docket Nos. 36, 39, 77.)  Pending before this court is Heil's Second Motion to Join and Amend Complaint to add Sherwood Family Limited Partnership and Thomas W. Sherwood, Sr. as additional defendants.  (Heil Docket No. 92.)

## ARGUMENT

### A. Common Questions of Fact Exist Between Both Actions

When there are common questions of law and fact, consolidation is appropriate.  Rule 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:

>   (1) Join for hearing or trial any or all matters at issue in the actions;
>   (2) Consolidate the actions; or
>   (3) Issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a) (emphasis added). Linton requests consolidation of this action with Heil as there are common questions of law and fact between the actions. Both Linton and Heil's causes of action arise out their employment at a strip club known as the Belle Starr Saloon and Casino and inappropriate behavior of Jason Orelup, their manager.

The facts alleged by Misty Heil are that from about February 8, 2008, until approximately May 2, 2008, she was employed by Defendants[1] and reported to and worked under the supervision of Jason Orelup. (Heil Docket No. 39, ¶ 3.) During her time of employment, Orelup created a hostile work environment by yelling, swearing, and threatening Heil while she was working at the Belle Starr. Id. at ¶ 13. Orelup made numerous sexually harassing statements and physically threatening statements to Heil and other female employees at the Belle Starr. Id. at ¶ 13(b). Orelup whipped Heil with a towel, pushed her onto a pool table, threw her to the floor, and sexually assaulted her. Id. at ¶ 13(d)-(e). Orelup would also grab Heil's butt and crotch. Id. at ¶ 13(f). Heil refused Orelup's advances and reported his harassing conduct and then she was terminated. Id. at ¶ 16. Orelup instructed a fellow employee to fire Heil and then also instructed witnesses to lie about Heil's allegations. Id. at ¶¶ 18-19. Despite multiple complaints and knowledge that Orelup was a convicted felon, Defendants did nothing to prevent or remedy the illegal sexual misconduct. Id. at ¶ 26. Thomas Sherwood Jr. was provided actual notice of the sexual harassment and sexual assault but failed to properly investigate the complaints about Orelup or take adequate remedial action. Id. ¶¶ 27-29.

---

[1] Angie's, Inc., Belle Starr Saloon and Casino, Inc. and Sherwood Investment and Trust Company are the current named defendants in the Heil matter.

The facts alleged by Chelsea Linton are that she was also employed by the Defendants[2] from June 2008 through August 11, 2008 as a bartender. (Docket No. 18, ¶ 20.) Like Misty Heil, Chelsea Linton was also subjected to pervasive and unwelcome verbal sexual harassment directed at her and also at other employees in the workplace. Id. at ¶ 22. Linton was also subjected to pervasive and unwelcome physical sexual harassment and assault and battery by Jason Orelup. Id. at ¶ 23. Orelup made sexual advances at Linton which were an express or implied condition for receiving job benefits and Linton was sexually propositioned by Orelup and was treated badly when she refused his advances. Id. at ¶¶ 29-30. Like Heil, when Linton refused Orelup's sexual advances, she was terminated. Id. at ¶ 34. Orelup instructed a fellow employee to fire Linton and instructed employees to lie about the reason for Linton's termination just as he did with Heil. Id. at ¶ 34. Even a cursory comparison to the facts alleged by Heil and the facts alleged by Linton in their complaints clearly indicates the common facts between the matters.

### B. Common Questions of Law Exist Between Both Actions

Common questions of law are also present in both actions as both plaintiffs are alleging substantially similar causes of action under Title VII and SDCL Ch. 20-13. Additionally, there exists a central issue in both actions regarding proper employers of Linton and Heil, with both plaintiffs alleging virtually identical parties are employers under Title VII. This issue has arisen in three separate motions between the actions, which illustrates the common issues of fact and law in both cases and also the judicial economy that could be achieved through consolidation. When actions involved overlapping legal issues and related factual scenarios, consolidation is appropriate. *Horizon Asset Management Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir.

---

[2] Angie's, Inc., Belle Starr Saloon and Casino, Inc. and Jason Orelup are the current named defendants in this matter.

2009).

### C. Common Defendants, Witnesses and Evidence Exist Between Both Actions

At this time, common defendants in both actions include Angie's, Inc., Belle Starr Saloon & Casino, Inc. and Jason Orelup. Heil has added Sherwood Investment & Trust Company and is attempting to add Sherwood Family Limited Partnership and Thomas W. Sherwood, Sr. as defendants. Linton is attempting to add Sherwood Family Limited Partnership and Thomas W. Sherwood, Sr. d/b/a Sherwood Investments & Trust Company as additional defendants. If both Linton and Heil's motions to join and amend complaint are granted, the named defendants in each lawsuit will be substantially identical. Both actions are before the Honorable Jeffrey L. Viken in the District of South Dakota, Western Division.

There are also common witnesses to both actions such as Jeremy Cease, Chrissy Rieb, Rhonda Graff, Alice (Vachon) Speicher, Misty Heil and Chelsea Linton. Linton and Heil even took a joint deposition of Alice (Vachon) Speicher to reduce costs. These witnesses, along with others, will testify about Jason Orelup's sexual harassment and assault of both Heil and Linton and other female employees; complaints made to Defendants (both named defendants and proposed defendants) regarding Orelup's inappropriate and illegal behavior; Defendants' (both named and proposed) failure to investigate and take remedial action; and general conduct that took place at the Belle Starr. When actions share the same defendants, witnesses and evidence, consolidation is warranted. *See e.g. E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) ("It was therefore appropriate to consolidate these claims and avoid the inefficiency of separate trials involving related parties, witnesses, and evidence.")

### D. Consolidation Will Achieve Judicial Economy and Efficiency

Consolidation will also result in economy for the defendants, both those currently named

5

and proposed, as duplicative motions by each plaintiff in each action will be eliminated. It is costly and inefficient for Defendants to defend substantially similar claims and motions in separate actions which is plainly illustrated by Linton's motion to join additional Sherwood entities that has already been before the court in the Heil matter. Consolidation will streamline both cases, uniting them at the same stage in litigation, conserving resources, and promoting economy and efficiency.

## CONCLUSION

Consolidation is appropriate as common issues of fact and law exist between the Heil and Linton actions. Common defendants, witnesses and evidence further exist and consolidation will eliminate duplicative motions and trials. Allowing each case to progress separately is inefficient, costly and wasteful for both the court and the parties making consolidation warranted.

Dated this 24th day of April, 2012.

                                                                GUNDERSON, PALMER, NELSON & ASHMORE

                                              BY: */s/Sara Frankenstein*
                                                   Sara Frankenstein
                                                   P.O. Box 8045
                                                   Rapid City, SD 57709
                                                   (605) 342-1078
                                                   sfrankenstein@gpnalaw.com
                                                   Attorneys for Plaintiff
                                                   Chelsea Linton

## **CERTIFICATE OF SERVICE**

I hereby certify on April 24, 2012, a true and correct copy of Memorandum in Support of Motion to Consolidate was served in the manner set forth below

        X    U.S. Mail
            Hand Delivery
            Facsimile
        X    CM/ECF efiling system

upon the following individuals:

Michael V. Wheeler
Demersseman, Jensen, Christianson, Stanton & Huffman, LLP
P.O. Box 1820
Rapid City, SD 57709-1820
Email:  mvw@demjen.com
*Attorney for Angie's Inc. and Belle Starr Saloon & Casino, Inc.*

Jason Orelup
23600 Bradsky Road
Rapid City, SD  57703-8448

                                          GUNDERSON, PALMER, NELSON &
                                            ASHMORE, LLP

                                            */s/ Sara Frankenstein*
                                            Sara Frankenstein