UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CHELSEA LINTON,<br><br>    Plaintiff,<br><br>vs.<br><br>BELLE STARR SALOON & CASINO *et al.*<br><br>    Defendants. | CIV. 09-5099 |

**OPPOSITION OF INTERESTED PARTY SHERWOOD INVESTMENT AND TRUST COMPANY TO PLAINTIFF LINTON'S MOTION TO CONSOLIDATE**

**INTRODUCTION**

  Sherwood Investment & Trust Company ("SITC") Opposes the Motion of Plaintiff Chelsea Linton ("Linton") to Consolidate the two matters (1) *Chelsea Linton v. Angie's Inc., Belle Starr Saloon & Casino, Inc. and Jason Orelup*, United States District Court, District of South Dakota, Western Division, No. 09-5099 (the "*Linton* Case"), and (2) *Misty Heil v. Angie's Inc., Belle Starr Saloon & Casino, Inc. and Sherwood Investment and Trust Company / Sherwood Investment and Trust Company v. Jason Orelup*, United States District Court, District of South Dakota, Western Division, No. 09-5074 (the "*Heil* Case") on account of the motion (a) being untimely, (b) merging different factual and legal issues without consideration of the unique facts of each case, (c) ignoring the substantial legal and procedural differences in the cases, and (d) because neither judicial economy nor efficiency will be served, but unfair prejudice to all Defendants will result.[1]

---

[1] The Opposition is joined by the present Defendants Angie's Inc. and Belle Starr Saloon & Casino, Inc. Because no defendants in the *Heil* Case (including SITC, a non-party here) were

A. **LINTON'S MOTION MUST BE DENIED AS UNTIMELY**

Plaintiff Linton filed her Motion to Consolidate the present action with the *Heil* Case, on April 24, 2012 (Linton Doc. No. 64).  Linton's Motion is in clear violation of, the Court's July 25, 2011 Order, setting a deadline of February 22, 2012, for filing "[a]ll motions, other than motions *in limine*…" (Linton Doc. No. 44, n.2) (emphasis added).  The court's order provides:  "The schedule herein will be modified by the court only upon formal motion and upon a showing of good cause."  (Doc. 44) The present motion is not a Motion in *Limine* nor does it reflect anywhere in the body of the motion or memorandum in support, a request to the Court to modify the Scheduling Order nor has Plaintiff Linton demonstrated that good cause requires modification of the Order.  Under the Federal Rules of Civil Procedure, a court is required to issue a scheduling order, and that order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716 (8th Cir. 2008) (citations omitted). On strictly procedural grounds, the Motion should be denied as untimely/improper.

Further, Linton's Motion fails to identify one fact discovered since February 22, 2012, that was not already known to Linton prior to the motion deadline.  Every fact alleged in the instant Motion was already known to and/or readily accessible to Plaintiff via access to PACER well prior to the Motion deadline.   Now, two months after the Court's Motion deadline, Plaintiff Linton decided this case somehow needs to be consolidated with the *Heil* Case.  This inexplicable delay is in violation of the Court's Scheduling Order and is highly prejudicial to the

---

ever served or noticed of the Motion to Consolidate, SITC files the present Opposition as an Interested Third Party.  Nothing contained herein shall constitute a waiver of arguments by Defendants in Opposition to Linton's Motion to Add SITC as a defendant.

present defendants who, after two and a half years of litigation, are prepared to move forward with Trial against Chelsea Linton.[2]

Both lawsuits have been active for over two and a half years; the respective Defendants have spent substantial time and money defending these separate cases, yet only now, on the eve of trial in the *Linton* Case, is there an interest by Plaintiff Linton to consolidate, where the only benefit of consolidation is to presumably save Plaintiffs Linton and Heil money and effort, and prejudice all Defendants (in both cases). Because of the failure to seek relief from the Court imposed Motion deadline, the present motion should be denied.

B. **THE CASES DO NOT MERIT CONSOLIDATION**

Even if Plaintiff Linton had made a timely motion, she does not meet all factors relevant to consolidate cases under Fed.R.Civ.P. 42(a). When deciding whether to consolidate two separate lawsuits, the Court must consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985), quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *cert denied,* by Aetna Casualty &

---

[2] Linton's failure to comply with the Scheduling Order is not limited to the present motion, but has occurred on other occasions. After the Discovery deadline of January 23, 2012, without seeking leave to amend the scheduling order, Linton served two (2) separate Rule 45 Subpoena *Duces Tecum* on third party Sherwood Family Limited Partnership (served March 29, 2012, and April 24, 2012), and Subpoena to Third Party Lee Holway dated April 10, 2012, and Subpoena to Third Party Stath Manzeoros dated April 10, 2012. Linton has also collected various Declarations post-expiration of the Discovery Period, and improperly used in support of her Reply in Support of Motion to Amend (Linton Doc. No. 65).

Surety v. U.S., 460 U.S. 1102 (1983); *see also E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) ("Consolidation is inappropriate … if it leads to inefficiency, inconvenience, or unfair prejudice to a party"). However, "[e]ven where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *In re Consolidated Parlodel Lit.,* 182 F.R.D. 441 (D.N.J. 1998) citing *Henderson v. Nat'l. R.R. Passenger Corp.*, 118 F.R.D. 440 (N.D. Ill. 1987) (individual questions of fact or law outweigh the common). Here, not only are there many substantial differences in the specific facts of each claim, including timing, there exist different witnesses who may testify to each issue, different evidence and different defendants; judicial economy and efficiency will <u>not</u> be served; and most importantly the defendants will be unfairly prejudiced and the jury confused by consolidation.[3]

1. **Factual Differences in the Two Cases**

There are many important factual distinctions in the cases that warrant them being treated separately. The *Linton* Case was filed two months after the *Heil* Case, and has taken a

---

[3] Linton's sole cited authorities for consolidation, *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) involved a case wherein two plaintiffs filed suit simultaneously, and both related to <u>the same incident</u> wherein the first plaintiff refused to fire the second plaintiff, claiming the company's actions were racially motivated, and thereafter management fired both plaintiffs, who then sued. Clearly the facts, evidence and applicable law were all deeply intertwined, which is <u>not</u> the case here. The other case cited *Horizon Asset Management Inc. v. H&R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009) related to a class action securities litigation completely distinct from the present situation.

But even where there are some common issues and parties, where individual issues would make trial confusing, unmanageable or inequitable, "the desire for judicial efficiency would not be served, since the unique details of each case would still need to be presented to the jury." *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459 (E.D. Mich. 1985). Linton has failed to cite, nor is SITC aware of any such opinion where consolidation was ordered for two separate sexual harassment claims occurring during different time periods. It is likely that the unique facts and extreme prejudice involved are highly relevant factors explaining the absence of legal authority to support Linton's position.

remarkably different track in terms of prosecution.[4] More aptly, the present case should be identified as the tag-along case, for Plaintiff Linton's near failure to prosecute until the close of discovery. Although there are similarities related to the physical location where the alleged wrongdoing occurred (at the Belle Starr), and the individual allegedly responsible for the conduct complained of (Jason Orelup), that is where the similarities end.

### a. Linton and Heil Were Employed at Different Time Periods

Misty Heil was employed by the Belle Starr from February 8, 2008 until May 2, 2008. (Heil Doc. 39). Chelsea Linton was employed by the Belle Starr from June 2008 through August 11, 2008. (Linton Doc. 18). There is <u>no</u> overlap of employment, or evidence indicating they were employed contemporaneously or even knew of one another. This factor is relevant in the Court's refusing to consolidate claims. *See King v. Brickey*, 960 F.2d 617, 626 (7th Cir. 1992) (abuse of discretion to consolidate age discrimination cases that occurred at different times).

This is even more important in that any facts, testimony or evidence offered in the *Linton* Case would have zero probative value in the *Heil* Case, as those are all facts related to events occurring after Ms. Heil had left the employ of the Belle Starr. Thus, any facts, testimony, or evidence offered in the *Linton* Case (relating to conduct occurring after *Heil* left) would have a single desired effect – to taint the jury in the *Heil* Case and prejudice the defendants without any value to the actual merits of the case.

---

[4] Depositions of witnesses (including Terry Blood, Thomas Sherwood, Jr., Thomas Sherwood, Jr., Misty Heil, and her treating physicians) were taken in the *Heil* Case. Nothing similar was done in the *Linton* Case. Summary Judgment Motion(s) are expected to be filed in the *Heil* Case, and the *Linton* Case is ready for Trial.

### b. **Linton and Heil Held Different Positions at the Belle Starr**

Misty Heil worked as a waitress at the Belle Starr while Chelsea Linton was a bartender. Although both were employed in the same building, their roles, responsibilities, assignments, interaction with customers, other employees and management were all obviously different. And, in fact, this difference in roles/responsibilities is a relevant factor to Belle Starr and Angie's defense, in that it was Ms. Linton's own theft from the register at the bar that occasioned her firing, not the alleged sexual harassment. There are no similar allegations and/or defenses raised in the *Heil* Case as to the Plaintiff's own wrongdoing.[5]

### c. **The Circumstances of the Alleged Sexual Harassment Differ**

In addition to the obvious differences in the plaintiffs' respective positions at the Belle Starr and the different time periods upon which they were employed, the factual allegations as to specific events of harassment occurring against each of the plaintiffs (as recounted in the Motion to Consolidate) differ as well. In the facts recited in Plaintiff Linton's Motion, the *Heil* Case speaks to two (2) specific physical assaults and threats against Heil, including unique and specific allegations of a towel whipping, and being pushed on a pool table and sexually assaulted on the floor.[6] This case (the *Linton* Case) involves unspecified alleged "sexual advances" and "propositions" as terms of Ms. Linton's employ. The claims are each very fact specific and happened at distinct (and unrelated) times. It is clear from Ms. Linton's ability to provide specificity as to Ms. Heil's claims, but only vague allegations of sexual harassment in her own

---

[5] As a waitress, Heil had no access to or responsibility for funds in the register.

[6] There are also specific and unique allegations involved in the *Heil* Case related to knowledge of Jason Orelup's criminal past, notice given to Thomas W. Sherwood Jr., and the investigation and remedial action taken by the Belle Starr. *See* Heil Doc. 39.

case, that the goal of consolidation would be to have these same helpful (*Heil* Case) facts influence the jury and prejudice the collective Defendants in the *Linton* Case.

### d. <u>A Lack of Pleading of a Linked Common Pattern or Practice</u>

Moreover, the *Linton* Amended Complaint (Doc. 18) and proposed Second Amended Complaint (Doc. 48-1), speak nothing of any alleged pattern of practice engaged in by Defendants that incorporates Linton <u>and</u> Heil (and/or others). It speaks only to alleged conduct towards Linton and vague statements concerning an atmosphere of hostility towards females, and a working environment intimidating, insulting, hostile, and abusive to female employees. This loosely plead pattern or practice is insufficient to factually tie these cases together. *See King v. Brickey*, 960 F.2d 617, 626 (7th Cir. 1992) (abuse of discretion to consolidate where different allegations of discrimination exist not linked to common pattern or practice).

### 2. <u>Legal Differences in the Two Cases</u>

#### a. <u>Separate Causes of Action Exist</u>

Not all of the same causes of action are alleged in both the *Linton* Case and *Heil* Case. Specifically, in the *Linton* Case, plaintiff alleges claims for Negligence and a Title VII Quid Pro Quo claim against the Defendants, two claims <u>not</u> raised in the *Heil* Case. Moreover, Heil also makes state law claims for retaliatory discharge under SDCL § 20-13-26 <u>not</u> made in the *Linton* Case. Separate causes of action are a relevant consideration to <u>denying</u> a Motion to Consolidate. *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989) (rejecting consolidation based on differences in causes of action, separate fraudulent schemes were alleged). In *Southwest Marine*, the different facts needed to be proven to support each cause of action in the respective cases and the delay in going to trial for one of the plaintiffs were sufficient to reject consolidation. *Id.* at 807. The delay is analogous to the present situation.

      b.  **<u>The Cases are at Different Procedural Positions</u>**

    The Defendants are ready for Trial in the *Linton* Case. This reason alone is sufficient to deny consolidation. *See Madison v. Hennepin County*, 2003 WL 21639221, *1-2 (D. Minn. 2003) (consolidation rejected where it would have "unnecessarily postpone[d] resolution of the [first case] and unduly prejudice the defendant. The [first] case is nearly ready for trial"). Belle Starr and Angie's have waited over two years to have their position heard before the jury that Ms. Linton was fired for her theft of funds from the Belle Starr and for no other reason. Whether the present Motion was a last minute effort to stall the proceedings, a strategy to prejudice the Defendants by now claiming two victims, or merely an after-the-fact realization as to discovery not taken earlier (and now hoped to acquire through consolidation), the *Linton* Case is ready to move forward. Any hope by Plaintiff Linton to avoid the ultimate eventuality that she must move forward with trial and present her case that the firing was somehow related to sexual harassment, and not to her own theft should not be avoided by a late-filed Motion to Consolidate.

    In the *Heil* Case, however, discovery has just closed and one or more of the Defendants anticipate filing a Motion for Summary Judgment by the June 1, 2012 motion deadline. Trial is many months off. Consolidating the cases now, will effectively work to stall the *Linton* Case, and create confusion with respect to the impending summary judgment filing(s). *See Southwest Marine, Inc.*, 720 F.Supp. at 807 (consolidation rejected partly because it would delay an impending trial in one of the cases); *see also Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F.Supp. 1560, 1573 (D.N.M. 1994) (noting that Courts have declined to consolidate where the plaintiffs are at different stages of preparedness for trial) (citations omitted).

### c.     **A Lack of Symmetry in the Named Defendants**

First, Thomas W. Sherwood, Sr. is a defendant in the *Heil* Case, but not in the *Linton* Case (save Plaintiff's eleventh hour, post-close of discovery attempt to introduce new facts and evidence in the present case to now add Sherwood Sr.).

Second, even if Plaintiff is successful in adding Sherwood Sr. (using information earlier available, but obtained in violation of the Court's Order), Sherwood Sr.'s position in the *Linton* Case differs drastically from his position in the *Heil* Case, where he is both an alleged "joint-employer", but also a Third Party Plaintiff against Defendant Jason Orelup.

Third, Jason Orelup is not a defendant in the *Heil* Case (at least with respect to the Plaintiff's claims), but is so in the *Linton* Case. He thus stands in a position opposite of the Plaintiff in the *Linton* Case (as a named defendant), but was intentionally omitted from the *Heil* Case as a defendant because he offered testimony (declaration) in Ms. Heil's favor. (Heil Doc. 29-3). If Sherwood Sr. is added in the *Linton* Case, Orelup would be a co-defendant against a common adversary (*Linton*) in the one case, but the subject of separate claims by Sherwood Sr. in the *Heil* Case.

"These circumstances, in and of themselves, would likely create confusion for jurors attempting to keep the appropriate defendants 'matched'". *Shazier v. Southwest Va. Reg. Jail Auth.*, 2009 WL 94700 *1-2 (W.D. Va. 2009) (also finding alleged wrongdoing occurred at different time periods, and that plaintiffs held different position in support of denying consolidation). In *Shazier*, the Court noted that consolidation would have served judicial economy and convenience, and that many of the witnesses would have been the same, but the potential confusion and prejudice to the defendants would outweigh the value of consolidation.

*Id.* at *9.[7] When considering the various defendants (including Jason Orelup's role as a Plaintiff-friendly witness in *Heil*, but defendant in *Linton)*, the positions of the various defendants with respect to one another in each of the cases, and the causes of action at issue (some differing), it is likely that the jury will experience much confusion if the cases are consolidated and thus any efficiency thought to gain will have been lost. For this reason alone, consolidation is unwarranted.

### 3. **Defendants will be Prejudiced by Consolidation**

Plaintiff completely ignores that lumping the two sexual harassment cases together will taint the jury. "[E]ven where commonality is established, although consolidation may enhance judicial economy, considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial". *Sidari v. Orleans County*, 174 F.R.D. 275, 281 (W.D.N.Y. 1996) citing *Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d. Cir. 1990), *cert. denied,* 498 U.S. 920 (1990) (finding in addition to difference between gender discrimination case and religion/national origin discrimination case – both under same statute, logistical problems with different additional defendants, most importantly, consolidation was likely to be "overly prejudicial" to the extent that the combined conduct complained of would create the "hostile work atmosphere"). In *Sidari*, consolidation of the two cases risked a situation where a finding of discrimination in favor of one plaintiff could easily have prejudiced a similar result

---

[7] *See also Atkinson v. Roth,* 297 F.2d 570 (3d Cir. 1961) (refusing consolidation of multiple actions related to an auto accident, where all the parties were included in the lawsuits, but some as direct defendants, others as third party defendants, and thus a conflict existed as to the relative positions of the parties and with respect to claims for contributory negligence). Moreover, in *Atkinson* (much like Sherwood Sr.'s situation), the driver of the vehicle would be placed in the position of both plaintiff and defendant by consolidation.

and compensation by the other. *Id.* at 282. Essentially "lumping together of such claim, which amounts to guilt by association, would unfairly prejudice the defendants".[8]

      a. **Plaintiff Linton's "Judicial Economy and Efficiency" <u>Argument is Without Merit</u>**

Plaintiff Linton argues that by consolidating the *Heil* Case and *Linton* Case, "judicial economy and efficiency" will be achieved. This statement is as disingenuous as it is without merit.

First, the *Heil* Case was filed September 15, 2009 and the *Linton* Case on November 6, 2009. Thus, both cases have existed for over 2.5 years, each filing claims of sexual harassment against the Belle Starr and Angie's in late 2009, resulting solely from Jason Orelup's alleged conduct. Yet, never did either party attempt to consolidate these cases at any time over the past 30 months.

Second, when one reads the 'fine print' of Plaintiff Linton's motion, specifically that "economy for the defendants, both those currently named and proposed, as duplicative motions by each plaintiff in each action will be eliminated" – Plaintiff Linton's strategic intent of the Motion becomes apparent. (Linton Doc. 64 at 6). That is, despite framing the argument as a courtesy to Defendants to avoid having to respond to duplicative motions, in reality, Plaintiff Linton has realized that her untimely discovery, and late motion are both in violation of the Court Scheduling Order (and thus anything gained from them must be excluded) and wishes to benefit from the discovery obtained in, and addition of SITC in, the *Heil* Case. Clearly, this Motion is an end-run and backup plan to add both Sherwood Sr. and the Sherwood Family

---

[8] In *Sidari*, the Court specifically acknowledged that while the Federal Rules of Evidence would permit (within reason), the use of certain information from the other case in support of the then-plaintiff, it was clear that by attempting to consolidate, the plaintiffs wished to use the others claims to bolster their own. *Id.* at 282.

Limited Partnership to the lawsuit.[9] However, "consolidation of cases to determine common factual questions does not merge the suits or change the rights of the parties." *See King v. Brickey*, 960 F.2d 617, 628 (7th Cir. 1992). Thus, even if successful, the defendant from one case is not then added as a defendant in the other.

Third, there is a Protective Order agreed to by the parties in the *Heil* Case (currently pending with the Court), wherein a substantial number of documents were disclosed by various Defendants to Plaintiff Heil's counsel under the terms of that agreement. The parties in the *Linton* Case never entered into any such agreement. Thus, it will be confusing, impractical, and a risk of a breach of contract by trying to keep certain documents and statements of witnesses protected for some portions of the trial, and not for others (depending on what Plaintiff is at issue). This cannot simply be resolved by a late addition of *Linton* to the Protective Order, as doing so will be prejudicial to all of the parties in the *Heil* Case, as important documents will be disclosed to *Linton* thereby granting her the spoils of free discovery that she opted not to request during the actual discovery period.

Fourth, as a policy issue, *Linton's* late request for consolidation seems contrary to a desire to find judicial economy and efficiency, as to date, both Plaintiffs have had counsel litigate their respective cases for 2.5 years. Only now, when significant trial and trial preparation work begins, each Plaintiff appears willing to consolidate. It is manifestly unfair that each Plaintiff be permitted to run up legal fees, use them as a sword to push towards settlement, but then be permitted to back away on the eve of trial so as to save further expense and benefit from the fruit of the other's discovery efforts.

---

[9] As argued by Defendants in both cases, Plaintiffs' efforts to conflate multiple separate facts related to the defendants and proposed-defendants were all done in order to present a sufficient argument to add Sherwood Sr. and the Sherwood Family Limited Partnership to the lawsuits.

## CONCLUSION

Because the motion is untimely made, the common facts and law are outweighed by the individual facts of each case, and because nothing but confusion and prejudice will be gained from the consolidation of the *Heil* Case and the *Linton* Case, SITC (with Angie's and Belle Starr concurring), respectfully requests that the Court to Deny and/or Strike Plaintiff's Motion to Consolidate.

Dated this 15th day of May, 2012.

Respectfully submitted,

*/s/ Jane Wipf Pfeifle*
Jane Wipf Pfeifle
LYNN, JACKSON, SHULTZ & LEBRUN, PC
PO Box 8250
Rapid City, South Dakota 57709
tel: (605) 342-2592
fax: (605) 342-5185
Jpfeifle@lynnjackson.com

-and-

M. Kelly Tillery (PA 30380)*
Christopher D. Olszyk, Jr. (PA 203712)*
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750
tilleryk@pepperlaw.com
olszykc@pepperlaw.com
*admitted *pro hac vice*

*Attorneys for Interested Party,*
*Sherwood Investments and Trust Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of May, 2012, I sent by Notice of Electronic Filing generated by the CM/ECF system, to:

Mr. Steven C. Beardsley
Mr. Brad J. Lee
Beardsley, Jensen & Von Wald
4200 Beach Drive, Suite 3
PO Box 9579
Rapid City, SD 57709-9579
sbeards@blackhillslaw.com

Mr. Michael V. Wheeler
DeMersseman, Jensen, Christianson,
Stanton & Huffman
515 Fifth Street
PO Box 1820
Rapid City, SD 57709
MVW@demjen.com

and by regular U.S. mail, postage paid, to:

Mr. Jason Orelup
23600 Bradsky Rd
Rapid City, SD 57703

a true and correct copy of OPPOSITION OF INTERESTED PARTY SHERWOOD INVESTMENT AND TRUST COmPANY TO PLAINTIFF LINTON'S MOTION TO CONSOLIDATE relative to the above-entitled matter.

                                                    *Jane Wipf Pfeifle*_____
                                                    Jane Wipf Pfeifle